UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDAN NGEHSI NEWANFORBI,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 2:25-CV-1460-DC-CSK PS<br><br>FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(ECF No. 12) |

Plaintiff Brendan Ngehsi Newanforbi is proceeding in this action pro se. (ECF No. 1.)[1] Pending before the Court is Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). For the reasons that follow, the Court recommends GRANTING Defendants' motion to dismiss without leave to amend.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

## I.    BACKGROUND

### A.    Factual Background[2]

Plaintiff's Complaint names four defendants: State of California, California Highway Patrol ("CHP"), Officer Santiago Meza-Gonzalez, and Officer Melano. *See* ECF No. 1 ("Compl."), ¶¶ 7-8.

Plaintiff alleges that, on November 1, 2024 at about 1 a.m., he was parked on a dirt shoulder off the I-580 freeway in Livermore, California. *Id.*, ¶ 10. Defendant CHP Officers Meza-Gonzalez and Melano approached his car. *Id.*, ¶¶ 11. Upon observing a cup in the center console, one Defendant said to the other, "I think it's booze," and they began investigating a suspected DUI. *Id.* Defendants Meza-Gonzalez and Melano searched the car with flashlights, opened Plaintiff's passenger door, and ordered him out of the car. *Id.*, ¶¶ 12-14. They searched the interior of the car. *Id.*, ¶ 15. Plaintiff was detained, placed in handcuffs, and transported for chemical testing. *Id.*, ¶ 17.

Plaintiff alleges that his refusal of a chemical test "triggered an extended suspension of [his] Class A commercial driver's license" and he lost income for a year. *Id.*, ¶ 19. The incident also triggered a parole violation hold, and Plaintiff was incarcerated from the Friday of the incident until the following Wednesday before being brought to court for arraignment. *Id.* Plaintiff alleges harms including emotional distress, loss of reputation, and exposure to dangerous conditions in jail. *Id.*

The Complaint asserts three causes of action pursuant to 42 U.S.C. § 1983: (1) unlawful search and seizure under the Fourth Amendment, (2) violation of due process rights under the Fourteenth Amendment, and (3) *Monell*[3] claims against Defendant State of California and California Highway Patrol, alleging that their customs, policies, or practices caused the alleged constitutional violations. *Id.* at 4-5.

---

[2]  These facts primarily derive from the Complaint (ECF No. 1), which is construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

[3] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

### B.      Procedural Background

Plaintiff commenced this action on May 27, 2025 and paid the filing fee after his motion to proceed in forma pauperis was denied. (*See* ECF Nos. 1, 4, 5.) Defendants filed a motion to dismiss (ECF No. 12), Plaintiff filed an opposition[4] (ECF No. 16), and Defendants filed a reply (ECF No. 18). On January 12, 2026, the Court took the matter under submission without appearance and argument pursuant to Local Rule 230(g).

In his opposition to the motion, Plaintiff consented to dismiss Defendant State of California from this action. Pl. Opp. at 15 (ECF No. 16). He also consented to dismiss his *Monell* claims against Defendant CHP and his official capacity claims against Defendants Meza-Gonzalez and Melano. *Id*. at 15-17.

## II.      LEGAL STANDARDS

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen*, 559 F.3d at 1071.

When reviewing a motion to dismiss, courts may consider undisputed facts

---

[4] The Court disregards a second copy of the Opposition, filed after the first. (*See* ECF No. 17.)

contained in judicially noticeable documents under Federal Rule of Evidence 201 without converting the motion to one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This includes undisputed facts from documents attached to the complaint or those on which the complaint "necessarily relies." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (approving judicial notice of documents from judicial proceedings); *Gamboa v. Tr. Corps.*, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust, as they were "part of the public record and [] easily verifiable").

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, no leave to amend need be given. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

## III.    DISCUSSION

Where Plaintiff consented to dismiss Defendant State of California, his *Monell* claims against Defendant CHP, and his official capacity claims against Defendants Meza-Gonzalez and Melano (Pl. Opp. at 15-17), the only claims remaining are: (1) unlawful search and seizure under the Fourth Amendment and (2) violation of due process rights under the Fourteenth Amendment against Defendants Meza-Gonzalez and Melano in their individual capacities.

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."

*Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983. *See also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

As to any remaining non-*Monell* claims against Defendant CHP, a § 1983 claim cannot be brought against a state agency because a state is not a "person" for purposes of § 1983 due to a state's sovereign immunity under the Eleventh Amendment. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Cortez v. Cnty. of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002); *see, e.g.*, *McCain v. California Highway Patrol*, 2011 WL 3439225, **2-4 (E.D. Cal. Aug. 4, 2011) (§ 1983 claims against CHP barred by Eleventh Amendment). Thus, Plaintiff's claims as to CHP should be dismissed.

As to Defendants Meza-Gonzalez and Melano, Plaintiff claims unconstitutional search and seizure under the Fourth Amendment based on their alleged lack of probable cause to search his vehicle and arrest him. "The Fourth Amendment protects '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) (citing U.S. Const. amend. IV). A warrantless search or arrest by a law enforcement officer "is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Id*. Probable cause

exists when "the facts and circumstances within the officer's knowledge are sufficient [for] a prudent person to believe that the suspect has committed" a crime. *Crowe v. County of San Diego*, 608 F.3d 406, 432 (9th Cir. 2010) (internal citation omitted).

California Vehicle Code 23152(a) makes it unlawful for a person "under the influence" of alcohol to drive a vehicle. Section 23223 of the Vehicle Code makes it unlawful for a driver to possess an open container containing an alcoholic beverage. The Complaint alleges that, at around 1 a.m., Defendants Meza-Gonzalez and Melano found Plaintiff resting in the driver's seat of his car, which was parked on the shoulder of the I-580 freeway. One Defendant observed a cup in the center console and said to the other, "I think it's booze." Defendants told Plaintiff to exit the vehicle and proceeded to search it. Plaintiff alleges that Defendants lacked probable cause for the search. However, the totality of the circumstances reasonably suggested that Plaintiff might have been driving under the influence prior to parking on the freeway shoulder. Plaintiff alleges that "no evidence of intoxication or illegal activity was found," Compl., ¶ 16, but this is contradicted by Defendant Meza-Gonzalez's investigative report, a copy of which is attached to the Complaint. The report notes that, when the officers approached the car, they "could smell the distinct odor of an alcoholic beverage emitting from within the vehicle." Compl. at 13. The report also notes that Plaintiff's eyes were "[r]ed and watery" and his speech was "[s]lurred." *Id.* at 11. Plaintiff does not allege a Fourth Amendment violation on these facts, and his claim of illegal search should be dismissed.

Similarly, Plaintiff alleges that Defendants arrested him without probable cause. Compl., ¶ 17. However, in addition to the circumstances described above, this allegation is contradicted by the investigative report, which notes that Plaintiff "displayed objective signs and symptoms of intoxication" and performed poorly on field sobriety tests conducted at the scene. *Id.* at 13. These circumstances reasonably suggested that Plaintiff had violated one or more sections of the Vehicle Code. As Plaintiff does not allege an unconstitutional arrest, his Fourth Amendment claims are subject to dismissal.

Nor does Plaintiff allege specific facts showing that either defendant violated his

6

constitutional due process rights, either in arresting him or in events subsequent to his arrest. Plaintiff's Fourteenth Amendment claims are also subject to dismissal.

Finally, even if Defendants lacked probable cause to search Plaintiff's car or to arrest him, their actions are entitled to qualified immunity on the facts alleged. *See Rosenbaum v. Washoe County*, 663 F.3d 1071, 1076 (9th Cir. 2011) (officer who makes an arrest without probable cause may be entitled to qualified immunity if he reasonably believed there to have been probable cause). Thus, all of Plaintiff's remaining claims should be dismissed.

Because the Court recommends granting the motion to dismiss and dismissal of the Complaint, the Court declines to reach Defendants' requests to strike Plaintiff's prayer for attorney's fees and punitive damages.

## IV. LEAVE TO AMEND

In considering whether leave to amend should be granted, the Court considers that the Complaint does not present a non-frivolous claim, and it appears granting leave to amend would be futile. *See Lathus*, 56 F.4th at 1243. The Complaint should therefore be dismissed without leave to amend.

## V. CONCLUSION

Based upon the findings above, it is HEREBY RECOMMENDED that:

1.    Defendant's motion to dismiss (ECF No. 12) be GRANTED;

2.    Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend; and

3.    The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14

days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 20, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

6/newa1460.25.mtd.grant.f&r